```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                           |                         |
|---------------------------|-------------------------|
| ILYA LIVIZ,               )                         |
|         Plaintiff,        )                         |
|                           )   CIVIL ACTION          |
|         v.                )   NO. 19-10304-WGY      |
|                           )                         |
| CHARLIE BAKER, et al.,    )                         |
|         Defendants.       )                         |
|                           )                         |

YOUNG, D.J.                                          February 21, 2019

**MEMORANDUM AND ORDER**

For the reasons stated below, the Court allows plaintiff's motions for leave to proceed *in forma pauperis*, denies plaintiff's motion for injunctive relief, and directs plaintiff to file an amended complaint.

**I.   Relevant Background**

On February 19, 2019, Plaintiff Ilya Liviz ("Liviz"), filed a complaint naming as defendants the governor for each state.  Docket No. 1.  With the complaint, Liviz filed a motion for leave to proceed *in forma pauperis*.  Docket No. 2.  The following day, on February 20, 2019, Liviz filed a corrected motion for leave to proceed *in forma pauperis* and an *ex-parte* application for temporary restraining order and order to show cause why a preliminary injunction should not issue.  Docket Nos. 4, 5.

Plaintiff's 32-page complaint is divided into 6 parts as follows: Part I (federal court jurisdiction); Part II (civil action general allegations); Part III (class-wide injury); Part IV

(constitutional basis); Part V (injunctive relief class); and Part VI (relief sought). See Complaint ("Compl."). In addition to asserting constitutional and common-law claims, the complaint alleges violations of the Sherman Antitrust Act, 15 U.S.C. § 1, et seq.; the Clayton Act; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; 29 U.S.C. § 187(a); 42 U.S.C. § 1981; 42 U.S.C. § 1981(a)(1); 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986. Id. at ¶¶ 120 - 180.

Through this purported class action, Liviz seeks to challenge alleged discriminatory conduct concerning the right to travel. Id. at ¶¶ 3, 48. Liviz alleges that his Massachusetts drivers' license was (1) deemed non-renewable based upon unpaid tickets, id. at ¶ 26, and (2) suspended based upon three surchargable events. Id. at ¶ 28. Plaintiff explains that by the paying applicable fees and completing a driver retraining program, he could obtain a Massachusetts driver's license. Id. at ¶ 30. However, Liviz complains that that many of the listed offenses are inaccurate and/or not within a 24-month period. Id. at ¶ 31. Plaintiff contends that because of his indigence, his right to operate a motor vehicle is improperly restricted by the Commonwealth of Massachusetts. Id. at ¶ 39. Plaintiff seeks unspecified damages, class certification and injunctive relief. Id. at Part III (prayer for relief).

As to the motion for injunctive relief, Liviz seeks an order enjoining Governor Baker or any state agent from preventing plaintiff from operating a motor vehicle. See Pl.'s Mot., 5-1 (proposed order).

## II. Plaintiff's Motions to Proceed *in forma pauperis*

Upon review of Liviz' motions for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motions are therefore granted.

## III. Preliminary Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

### A. Standing

A federal court is empowered only to decide "cases" and "controversies." N.H. Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, 13 (1st Cir. 1996) (citing U.S. Const. art. III). In order to establish standing, Liviz must show that (1) he personally has suffered some actual or imminent injury as a result of the challenged conduct; (2) the injury can fairly be traced to that conduct; and (3) the injury likely will be redressed by a favorable decision from the court. Lujan v. Defenders of Wildlife, 504 U.S.

555, 560–61 (1992). Here, there are no adequate allegations that the non-Massachusetts defendants caused the plaintiff any injury. Conclusory assertions of harm in states other than Massachusetts do not remedy this deficiency.

    **B.**    **Rooker-Feldman doctrine**

To the extent Liviz challenges the constitutionality of his license suspension or non-renewal, federal district courts do not have discretion to exercise jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005)). The Rooker-Feldman doctrine precludes a federal action if the relief requested would effectively reverse or void a state court decision, or if the plaintiff's claims are "inextricably intertwined" with the state court action. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994). To the extent Liviz seeks to have this federal court review the underlying motor vehicle infractions, find them incorrect and reverse such decisions, there is no jurisdiction for such federal court review.

    **C.**    **Right to Travel**

Liviz contends that the defendants deprived him of his fundamental right to travel because of the suspension and non-renewal of his Massachusetts driver's license. However, enforcement of state motor vehicle licensure requirements does not violate the United

States Constitution. The Supreme Court has recognized a constitutional right to travel. See Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986). However, the constitutional right to travel guarantees: (1) citizens of one State the right to travel across borders into another State; (2) visiting citizens the right to be treated as "a welcome visitor rather than an unfriendly alien"; and (3) newly-arrived residents the right to the same privileges and immunities that longstanding citizens of the state enjoy, Saenz v. Roe, 526 U.S. 489, 500-05 (1999), but not the right to drive a car without a license, Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999).

Liviz contends that his liberty interest in traveling has been impeded by the loss of driver's license and that, but for his inability to pay, he would have his driver's license. This allegation is insufficient to state a claim that the government violated his right to travel. The right to travel protects how a citizen in a state is treated by the government compared to other citizens in that same state or another state. See Pelland v. Rhode Island, 317 F.Supp.2d 86, 91-94 (D.R.I. 2004) (discussing cases where state action has restricted person's right to travel. Liviz has not alleged any action taken by the defendants that impermissibly restricted his ability to travel.

D. **Due Process**

Because the requirements of procedural due process "apply only to the deprivation of interests encompassed by the [Constitution's]

[5]

protection of liberty and property" and because "the range of interests protected by procedural due process is not infinite," see Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569–70 (1972), the "first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty,'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). If an individual is deprived of a property or liberty interest, "the question remains what process is due." Collins v. Univ. of N.H., 746 F.Supp.2d 358, 368 (D. N.H. 2010) (quoting FDIC v. Mallen, 486 U.S. 230, 240 (1988)). If the court finds that the plaintiff has been deprived of such an interest, it evaluates whether the government's procedures comport with due process. See Am. Mfrs. Mut. Ins. Co., 526 at 59.

Liviz contends that but for his inability to pay, he would have his Massachusetts driver's license restored. Given the multiple procedures available to avoid suspension and/or non-renewal, the allegations have not shown that the process for suspending plaintiff's license is constitutionally inadequate. There are opportunities to challenge the factual premise for non-renewal and/or suspension as well as avenues through which to avoid the loss of a license.

To the extent Liviz alleges that a violation of substantive due process, plaintiffs must "prove that they suffered the deprivation of an established life, liberty or property interest, and that such deprivation occurred through governmental action that shocks the

[6]

conscience." Najas Realty, LLC v. Seekonk Water District, 821 F.3d 134, 145 (1st Cir. 2016)(citation and quotation omitted) (emphasis in original). To shock the conscience, the challenged conduct must be "egregious" and "outrageous," Melendez-Garcia v. Sanchez, 629 F.3d 25, 37 (1st Cir. 2010) (citation and quotation omitted), such as conduct that is "intended to injure in some way unjustifiable by any government interest.," Rivera v. Rhode Island, 402 F.3d 27, 3 91st Cir. 2005) citation and quotation omitted) (emphasis in original). No such offensive conduct is at issue here and the complaint fails to allege inadequate process.

### E. Plaintiff's Complaint is Subject to Dismissal

In light of the foregoing, this action will be dismissed in 21 days unless Liviz files an Amended Complaint which cures the pleading deficiencies noted herein. Any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include specific factual allegations in support of those claims. The plaintiff must clearly identify each named defendant and state the specific allegations against each. The amended complaint must also demonstrate how the plaintiff was harmed by each defendant's actions.

## IV. Motion for Injunctive Relief

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

in the public interest.'" Glossip v. Gross, 135 S.Ct. 2726, 2736 (2015) (citation omitted). "Though each factor is important ... '[t]he sine qua non of this four-part inquiry is likelihood of success on the merits.'" Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citation omitted). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." Id. (citation omitted). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

Liviz has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. He has not shown a reasonable likelihood of success on the merits. In fact, his complaint is subject to dismissal. Because Liviz has not shown a reasonable likelihood of success on the merits, his motion is denied.

**ORDER**

Accordingly, the Court hereby ORDERS:

1. Plaintiff's motions for leave to proceed in forma pauperis (Docket Nos. 2, 4) are granted.

2. Plaintiff's motion for injunctive relief (Docket No. 5) is denied.

3. If Plaintiff wishes to pursue this action, he must, within thirty-five (35) days from the date of this Memorandum and Order, file an amended complaint that cures the pleading deficiencies noted above. Failure to comply with this

[8]

directive will subject this action to dismissal.

**SO ORDERED.**

                                      <u>/s/ William G. Young</u>
                                      WILLIAM G. YOUNG
                                      UNITED STATES DISTRICT JUDGE