```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| ILYA LIVIZ,<br>      Plaintiff,<br><br>      v.<br><br>CHARLIE BAKER, et al.,<br>      Defendants. | CIVIL ACTION<br>NO. 19-10304-WGY |

YOUNG, D.J.                                        February 25, 2019

**ORDER**

By Memorandum and Order dated February 21, 2019, plaintiff was permitted to proceed *in forma pauperis*. Docket No. 6. At that time, the court denied plaintiff's emergency motion and advised plaintiff that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Id. Plaintiff was advised that if he wished to pursue this action, he must file an amended complaint that cures the pleading deficiencies noted by the court. Id.

Two days later, on February 23, 2019, plaintiff responded by filing an amended complaint. Docket No. 7. The amended complaint is the same as the original complaint and adds an additional claim against an additional defendant. Id. Conor Baldwin, identified as Interim City Treasurer and Collector for the City of Lowell, Massachusetts, is named as a defendant. Id. at p. ii (case caption). Plaintiff asserts a new claim, under

what he characterizes as the "*wet wod* doctrine." Id. at p. 2, see also id. at ¶¶ 194, 260. As to plaintiff Baldwin, plaintiff alleges that on "2/20/209 (sic), Liviz received a mandatory tax payment request from Lowell Collector in the amount of $70.00 for his 2006 KIA which is valued at $2,800." Id. at ¶ 41. Plaintiff contends that the vehicle should be valued "no more than $1,000" and that he "should not have to pay any amount because he is in financial hardship (indigent); but he has no recourse because of mandatory minimum in place." Id. at ¶¶ 42, 43.

Despite this court's notice to plaintiff that his original complaint is subject to dismissal, he failed to address the pleading deficiencies noted in the court's February 21, 2019 Memorandum and Order. In fact, he filed an amended complaint containing the same defects as the original complaint and added a non-cognizable claim against a new defendant.

Accordingly, for the failure to comply with this court's directive, and for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 6), this action is hereby DISMISSED in its entirety.

**SO ORDERED.**

       /s/ William G. Young
    WILLIAM G. YOUNG
    UNITED STATES DISTRICT JUDGE